# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|                          |     |                              |
|--------------------------|-----|------------------------------|
| **ORLANDO BROWN,**       | )   |                              |
|                          | )   |                              |
| **Plaintiff,**           | )   |                              |
|                          | )   |                              |
| **v.**                   | )   | **CIVIL ACTION 12-0466-WS-B** |
|                          | )   |                              |
| **H&P CAPITAL, INC.,**   | )   |                              |
|                          | )   |                              |
| **Defendant.**           | )   |                              |

## ORDER

This action was filed in July 2012.  In October, the Magistrate Judge entered a Rule 16(b) scheduling order which, among other things, set the case for a final pretrial conference on July 16, 2013.  (Doc. 11 at 1).  Attached to this order was the Court's standing order governing final pretrial conferences, which required the preparation and filing of a joint pretrial document and which explicitly warned the litigants that "[f]ailure to comply with the provisions of this Order or to attend the Final Pretrial Conference may result in the following sanctions pursuant to Fed.R.Civ.P. 16(f):  (a) dismissal of the action for failure to prosecute, if such failure occurs on the part of the plaintiff …."  (*Id*., Attachment at 1, 5).

In April 2013, counsel for the plaintiff filed a motion to withdraw, based on irreconcilable differences with his client.  (Doc. 17).  Counsel mailed the plaintiff a copy of the motion.  (*Id*. at 2).  The Magistrate Judge granted the motion and directed counsel to serve a copy of the order on the plaintiff.  (Doc. 18).  Counsel did so on May 1, 2013.  (Doc. 20).

On May 31, 2013, the Court issued an order rescheduling the final pretrial conference for July 23, 2013.  (Doc. 23).  Attached to the order was another copy of the Court's standing order governing final pretrial conferences.  In addition, the

May 31 order reiterated that "[t]he parties must comply fully with these requirements [including filing the joint pretrial document and attending the final pretrial conference] or face sanction, up to and including dismissal or default judgment." (*Id.*). This order was mailed to the plaintiff at the address provided by his former counsel, and it was not returned.

The plaintiff did not file a pretrial document, did not attend the final pretrial conference, and did not contact the Court or file any other document.

"If the plaintiff fails to prosecute or to comply with ... a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Pursuant to Fed.R.Civ.P. 41(b), a district court may sua sponte dismiss a plaintiff's action for failure to comply with the rules or any order of the court." *Owens v. Pinellas County Sheriff's Department*, 331 Fed. Appx. 654, 656 (11th Cir. 2009). Likewise, "[a] district court may dismiss an action sua sponte under Fed. R. Civ. P. 41(b) for failure to prosecute ...." *Goodison v. Washington Mutual Bank*, 232 Fed. Appx. 922, 922-23 (11th Cir. 2007).

"We review a Rule 41(b) dismissal without prejudice for abuse of discretion," and "[d]ismissal pursuant to Rule 41(b) upon disregard of an order, especially when the litigant has been forewarned, generally is not an abuse of discretion." *Owens*, 331 Fed. Appx. at 656 (internal quotes omitted). The plaintiff has disregarded the Court's orders after being warned of the consequences of doing so. This action thus is subject to dismissal without prejudice.

A dismissal without prejudice is tantamount to a dismissal with prejudice when the statute of limitations has expired, precluding refilling. *Parrish v. Ford Motor Co.*, 299 Fed. Appx. 856, 862 (11th Cir. 2008). While the one-year limitations period of 15 U.S.C. § 1692k(d) would preclude the plaintiff from refiling his FDCPA claim, any state claims the plaintiff might bring presumably would be governed by Alabama's two-year statute of limitations, which appears not to have expired. As to such claims, dismissal is without prejudice.

To the extent dismissal is with prejudice, "[t]he legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); *accord Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999). The record necessary to support dismissal for failure to prosecute is present here. It is clear that the plaintiff was aware of the final pretrial conference, was aware of his obligations pertaining thereto, and was aware that his failure to comply with those obligations exposed his case to dismissal. The plaintiff simply elected to violate the Court's orders and to cease prosecuting his case. The Court finds that the plaintiff's conduct was willful and that no sanction short of dismissal would suffice.

Accordingly, and for the reasons set forth above, this action is **dismissed**.

DONE and ORDERED this 24th day of July, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE